**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

UNITED STATES OF AMERICA,      )
                                         )

            **Plaintiff,**        )
                                         )

vs.                                )      **CRIMINAL NO.  10-30200-GPM**
                                       )

THOMAS CURETON,           )      **In re:  Notice    of Criminal Contempt**
                                       )              **Against ROSEMARY CURETON**

            **Defendant.**    )

# ORDER TO SHOW CAUSE AND
# NOTICE CHARGING CRIMINAL CONTEMPT

**MURPHY, District Judge:**

During the trial of Thomas Cureton on August 16, 2011, the Court was alerted that Thomas Cureton's mother, Rosemary Cureton, talked to a subpoenaed witness, Sherri Crider, and told Sherri Crider to go home and not testify.  When questioned by the Court, Rosemary Cureton denied having told Ms. Crider to go home.  Ms. Crider, however, told the Court, under oath, that the woman identified as Rosemary Cureton did in fact tell Ms. Crider to go home.  Thereafter, the Court made an oral finding giving notice to Rosemary Cureton that there is a sufficient basis to charge her with criminal contempt of court.  Ms. Cureton requested time to retain a lawyer, so the Court set the matter for a status conference on August 29, 2011.

The statute governing the contempt power of the court provides:

A court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as –
(1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;

> (2) Misbehavior of any of its officers in their official transactions;
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

18 U.S.C. § 401.

Based upon the above facts, there is a sufficient basis to charge Rosemary Cureton with criminal contempt for obstruction of justice under 18 U.S.C. § 401(1). Notice is hereby given, pursuant to Federal Rule of Civil Procedure 42(a), that Rosemary Cureton **SHALL** appear in person for a status conference on **Monday, August 29, 2011, at 10:30 a.m.** in the United States District Courthouse in East St. Louis, Illinois, before District Judge G. Patrick Murphy. Ms. Cureton shall be prepared, at that time, to alert the Court whether she has retained counsel or whether appointed counsel is needed. During the status conference, the Court will set a trial date. At this time, the Court intends to limit the maximum sentence that may be imposed on this charge to six months imprisonment or a $5,000 fine; therefore, the Court will try this matter as a bench trial.

The Clerk of Court is **DIRECTED** to open a new criminal case and to assign the case to the undersigned district judge. The new criminal case shall contain (1) a copy of this Order to Show Cause and Notice Charging Criminal Contempt and (2) a copy of the Minutes of Day 2 of the Jury Trial held against Thomas Cureton (Doc. 71). The Clerk is **FURTHER DIRECTED** to submit a copy of this Order to Show Cause and Notice Charging Criminal Contempt to the United States Marshal for service upon Rosemary Cureton at 801 E. 5th Street, Cahokia, Illinois 62206.

Pursuant to Rule 42(a)(2), the Court **REQUESTS** that Stephen R. Wigginton and the Office of the United States Attorney for the Southern District of Illinois prosecute this contempt of court charge. Mr. Wigginton shall use his discretion in assigning the prosecution of this charge to any attorney(s) within his office. If, for any reason, Mr. Wigginton declines this request, the Court will

appoint another attorney to prosecute the contempt.

The Court **DIRECTS** Molly Clayton, Court Reporter for the United States District Court, to prepare, at the expense of the United States, and file in the new criminal case to be opened against Rosemary Cureton that portion of the transcript of Day 2 of the Jury Trial held against Thomas Cureton that pertains to the contempt of court charge. Specifically, this shall include the sidebar during which the issue was raised by Assistant United States Attorney Kevin F. Burke; the inquiries made by the Court of Rosemary Cureton and her son, Norvell Cureton; the testimony of Sherri Crider; and the Court's finding that there is a sufficient basis to charge Rosemary Cureton with criminal contempt of court.

**IT IS SO ORDERED.**

DATED: 08/19/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge