IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff

v.  No. 10-CR-30200-DRH

THOMAS CURETON,

Defendant.

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

This matter is currently on remand from the Seventh Circuit for resentencing in light of *United States v. Thompson*, 777 F.3d 368, 382 (7th Cir. 2015) (Doc. 182-1). Sentencing is set for November 13, 2015 at 10:00 a.m.[1] On October 1, 2015, Cureton filed a motion to vacate conviction on Count 1 for lack of jurisdiction (Doc. 190). In his two page motion to vacate (including counsel's signature block and certificate of service), Cureton simply maintains that Count 1 is insufficient because there is no reference to scienter or mental state and, thus, there is no jurisdiction for said conviction pursuant to Federal Criminal Rule 12(b)(2). In support, Cureton merely cites to *United States v. Heller*, 579 F.3d 990 (6th Cir. 1978). The government has filed an opposition arguing that the motion is untimely; that a defect in the indictment does not deprive the Court of

---

1 The parties are aware of the extensive background of this case. Thus, the Court need not recite the procedural background or facts as that is not necessary to address the pending motion.

jurisdiction and the language in Count 1 is not defective (Doc. 193). Based on the following, the Court agrees with the government's reasoning and denies the motion.

First, the Court agrees with the government that the motion is untimely. Federal Criminal Rule 12(b)(2) provides: "A motion that the court lacks jurisdiction may be made at any time while the case is pending." Fed.Crim.R. 12(b)(2). However, Federal Criminal Rule 12(b)(3) provides in part:

> The following defenses, objections, and requests must be raised by pretrial motion if the basis for the motion is then reasonable available and the motion can be determined without a trial on the merits:
> (B) a defect in the indictment or information, including:
> (iii) lack of specificity; ….

Fed.Crim.R. 12(b)(3)(B)(iii). A review of the motion/argument clearly demonstrates that Cureton is not challenging this Court's jurisdiction but rather Cureton is challenging a defect in the superseding indictment that should have been raised before trial. He did not raise this issue or any issue as to the language contained in the superseding indictment prior to trial. Thus, the Court denies the motion as untimely.

Next, the Court finds that the language contained in Count 1 of the superseding indictment is sufficient and not defective as argued by Cureton. On April 20, 2011, the grand jury returned a superseding indictment (Doc. 31), Count 1 of the superseding indictment reads:

> On or about June 14, 2010, in Saint Clair County, Illinois, in the Southern District of Illinois, and elsewhere, THOMAS CURETON, defendant herein, did transmit in interstate commerce a communication to G.N., and others containing a demand and a request for a ransom and reward for the release of a kidnapped

person. All in violation of Title 18, United States Code, Sections 2 and 875(a).

Here, Count 1 of the superseding indictment tracks the statutory language contained in 18 U.S.C. 875(a).[2] An indictment is deemed sufficient if it: (1) states the elements of the offense charged; (2) fairly informs the defendant of the nature of the charge so that he may prepare a defense; and (3) enables him to plead an acquittal or convictions as a bar against future prosecutions for the same offense." *United States v. McLeczynsky,* 296 F.3d 634, 636 (7th Cir. 2002) (citing *Hamling v. United States,* 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974) and *United States v. Anderson,* 280 F.3d 1121, 1124 (7th Cir. 2002)). The Seventh Circuit has stated that when determining the sufficiency of an indictment, the court looks "at the contents of the subject indictment 'on a practical basis and in its entirety, rather than in a hypertechnical manner.' " *McLeczynsky,* 296 F.3d at 636 (citing *United States v. Smith,* 230 F.3d 300, 305 (7th Cir. 2000)). Moreover, "[f]acial sufficiency is not a high hurdle.... Generally, an indictment is sufficient when it sets forth the offense in the words of the statute itself, as long as those words expressly set forth all the elements necessary to constitute the offense intended to be punished." *United States v. Bates,* 96 F.3d 964, 970 (7th Cir. 1996). As

---

2 18 U.S.C. § 875(a) states: "Whoever transmits in interstate commerce or foreign commerce any communication containing any demand or request for a ransom or reward for the release of any kidnapped person, shall be fined under this title or imprisoned not more than twenty years, or both."

demonstrated above, the language in Count 1 of the superseding indictment tracks the statutory language (which does not contain specific mens rea) and sets forth the elements necessary, thus, the language contained in Count 1 is sufficient and not defective. Moreover, the Court declines to apply the reasoning in *Heller* to the facts of this case.

Accordingly, the Court **DENIES** defendant's motion to vacate conviction for lack of jurisdiction (Doc. 190).

**IT IS SO ORDERED.**

Signed this 14th day of October, 2015.

Digitally signed by David R. Herndon
Date: 2015.10.14 16:12:32 -05'00'

**United States District Judge**